UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ROBERT KUIKEN, | |
| Plaintiff, | **AMENDED COMPLAINT** |
| v. | Jury Trial Demanded |
| COUNTY OF HAMILTON;  MICHAEL TRACY; SEAN O'BRIEN;  J.W. LOOMIS; and JOHN DOE(S) AND JANE DOE(S), | 6:22-CV-01157 |
| Defendants. | |

_____

Plaintiff, ROBERT KUIKEN, by and through his attorneys, Bosman Law, LLC, as and for his Amended Complaint against Defendants COUNTY OF HAMILTON, MICHAEL TRACY, SEAN O'BRIEN, J.W. LOOMIS, and JOHN DOE(S) and JANE DOE(S), alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff ROBERT KUIKEN brings this action pursuant to the Constitution and laws of the United States and State of New York. Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief for libel, tortious interference with a business relationship, and age discrimination.

## JURISDICTION AND VENUE

2. Plaintiff ROBERT KUIKEN resides at 2859 State Route 30, Speculator, New York 12164.

3. Upon information and belief, all Defendants named herein reside in the State of New York and are citizens of the State of New York.

4. Upon information and belief, all Defendants named herein are located and/or reside in the County of Hamilton, New York and/or the State of New York.

5. Venue is proper in the Northern District of New York pursuant to the provisions of 28 U.S.C. § 1391.

**PARTIES**

6. At all times relevant hereto, Plaintiff ROBERT KUIKEN is a citizen of the United States and a resident of Speculator, New York. Plaintiff is 83 years old.

7. At all times relevant hereto, SPECULATOR VOLUNTEER AMBULANCE CORPS, INC. (Speculator Volunteer Ambulance Corps) is a domestic not-for-profit corporation duly organized and existing under the laws of the State of New York.

8. At all times relevant hereto, Defendant COUNTY OF HAMILTON is a municipal corporation organized and existing under the laws of the State of New York and maintains its principal place of business in Lake Pleasant, New York.

9. At all times relevant hereto, Defendant MICHAEL TRACY is a member of the Speculator Volunteer Ambulance Corps. Defendant Tracy is also an Assistant Fire Chief of the Speculator Volunteer Fire Department.

10. At all times relevant hereto, Defendant SEAN O'BRIEN is a Deputy Sheriff with the Hamilton County Sheriff's Office. Defendant O'BRIEN is also an Assistant Fire Chief of the Speculator Volunteer Fire Department.

11. At all times relevant hereto, Defendant J.W. LOOMIS is a Deputy Sheriff with the Hamilton County Sheriff's Office.

12. At all times relevant hereto, Defendants were acting under the color of New York

law.

## FACTS

13. Plaintiff has been a member of the Speculator Ambulance Corps. since 1981. At all times relevant hereto, Plaintiff was the oldest member of the Speculator Volunteer Ambulance Corps. that responded to calls.

14. Plaintiff is disabled under the law in that he had a qualifying disability and/or was perceived by Defendants as having a disability. Plaintiff's disability or perceived disability did not interfere with his ability to carry out the essential functions of his duties as a member of the Speculator Ambulance Corps.

15. As a member of the Speculator Ambulance Corps., Plaintiff always performed his duties in a competent manner. However, he was perceived by Defendants as "too old" or infirm to perform his duties as a member of the Speculator Ambulance Corps. For example, on at least two occasions prior to July 17, 2021, Defendant Tracy undermined Plaintiff's authority by overruling his decision to dispatch an ambulance. On these occasions, Plaintiff, who was already on scene, alerted dispatch to the need for an ambulance but Tracy objected, advising dispatch that he was *en route* and would assess the situation himself. However, when he arrived, Tracy needed to summon the ambulances as Plaintiff had advised. Tracy's conduct usurped Plaintiff's traditional and customary authority as the most senior responding member to a call is in charge at the scene and interfered with Plaintiff's ability to respond to emergencies and service to ill or injured members of the community.

16. On or about July 17, 2021, Plaintiff was dispatched to respond to a medical emergency. While Plaintiff was en route to the location of the emergency, Defendant Tracy was

in his vehicle also traveling to said location, behind Plaintiff.

17. Upon arrival or thereafter, Defendant Tracy never mentioned anything to Plaintiff regarding any concerns with the speed or manner in which Plaintiff was traveling or his driving.

18. As they left the site of the emergency, unbeknownst to Plaintiff, Defendant Tracy conversed with Defendant O'Brien and falsely accused Plaintiff of speeding and reckless driving. Tracy and O'Brien prepared a statement for Tracy to sign that falsely accused Plaintiff of failing to yield the right of way to Tracy while traveling to the emergency. The statement also falsely accused Plaintiff of "crossing over several double yellow lines on blind corners and traveling at an excessive rate of speed." The statement's concluding sentence stated: "I do wish to pursue a criminal complaint." The statement was a product of discriminatory animus against Plaintiff based on his age and/or perceived disability. It also embraces a stereotype that elderly motorists are "bad drivers" or compromised in their duties. Defendants were motivated by bias and discriminatory animus.

19. The statement prepared by Tracy and O'Brien is patently false. Tracy was never in sight of Plaintiff as they were traveling to the emergency in the same direction. Plaintiff did not at any time block Tracy's right of way. In point of fact, Tracy arrived at the scene two or three minutes after Plaintiff arrived. Further, there are no "blind corners" on the route traveled by Plaintiff as falsely alleged by Tracy.

20. Tracy went outside the chain of command in the Speculator Ambulance Corps. in falsely reporting to Deputy Sheriff O'Brien that Plaintiff had obstructed his right of way and engaged in reckless driving. The Speculator Volunteer Ambulance has a para-military command structure, comprised of a Captain and Lieutenant. Upon information and belief, Tracy did not

contact either the Captain or Lieutenant with respect to Plaintiff's alleged "blocking" of Tracy's right of way and reckless driving. Nor, upon information and belief, did Tracy seek or obtain approval via the chain of command to report Plaintiff to the Sheriff's Department to seek out his prosecution.

21. The following day, July 18, 2021, Plaintiff was again dispatched to respond to a medical emergency. Plaintiff's vehicle is equipped with a EMS emergency light and his license plate bears his last name: "KUIKEN".

22. As Plaintiff was traveling to the scene of the emergency, Defendant Loomis, who was traveling in the opposite direction, made a U-turn and began to follow Plaintiff. Upon information and belief, Defendant Loomis knew that Plaintiff was *en route* to the site of the emergency and waited nearby with the intent to pull him over. Defendant Loomis followed Plaintiff to the scene of the medical emergency and proceeded to pull Plaintiff over. He refused to allow Plaintiff to exit his vehicle to respond to the emergency until he provided his license and registration. Plaintiff was confined without consent during this time.

23. Defendant O'Brien arrived on the scene shortly thereafter. Defendant Loomis then went over to O'Brien and Plaintiff observed them talking. Defendants Loomis and O'Brien conspired to charge Plaintiff with offenses based on false information provided by Defendant Tracy.

24. Thereafter, Defendant Loomis returned to Plaintiff's vehicle and stated to him that he was "just written up last night," apparently referencing the accusation made by Defendant Tracy in his statement to Defendant O'Brien. Defendant Loomis proceeded to charge Plaintiff with Speed in Zone in violation of Vehicle and Traffic Law § 1180D and Failure to Comply with

a Lawful Order in violation of Vehicle and Traffic Law § 1102.

25. Defendants charged Plaintiff with said offenses without probable cause and with malice. Younger, non-perceived as disabled members of the Speculator Volunteer Ambulance Corps. are not subjected to traffic stops by members of the Hamilton County Sheriff's Office when responding to emergency calls or otherwise criminally prosecuted.

26. It is unprecedented for a first responder in the Speculator Volunteer Ambulance Corps. to be pulled over by a member of the Hamilton County Sheriff's Office *en route* to a call. Additionally, the Speculator Volunteer Ambulance Corps. and the Sheriff's Office work closely together such that command staff of the Ambulance Corps. would be alerted to a decision to criminally charge a member for actions undertaken in the course of their duties.

27. Thereafter, Plaintiff complained to Hamilton County Sheriff Karl Abrams about the conduct of Defendants Loomis and O'Brien and the unprecedented nature of the stop. Sheriff Abrams showed Plaintiff a written statement signed by Defendant Tracy that accused Plaintiff of speeding and reckless driving on July 17, 2021. This false statement accuses Plaintiff of violating the law and constitutes slander.

28. Plaintiff requested that Defendant Abrams retrieve the video footage from the Fire Department which would have captured the times that Plaintiff passed by *en route* to the call and the time that Tracy passed by on his way to the call. The video would have shown that Tracy was far behind Plaintiff and therefore is evidence that the statement prepared by Tracy and O'Brien is false. Defendant Abrams dismissed his complaints and refused to investigate. In fact, Sheriff Abrams refused to provide Plaintiff with Tracy's statement, forcing Plaintiff to obtain the statement by making a request under the Freedom of Information Law.

29. Plaintiff pled not guilty to the traffic offenses and he was not convicted of the offenses charged against him. Instead, the charges were resolved on or about May 24, 2022 by agreement. Plaintiff pled guilty to parking violations.

30. Subsequently, Plaintiff was constructively terminated from his membership with the Speculator Ambulance Corps. on the basis of the false statements, charges, and conduct of Defendants Tracy, O'Brien, and Loomis. Earlier this year (2022), Plaintiff was asked to surrender his equipment and he has not been summoned to any emergencies since. Plaintiff has not been afforded any process to challenge the termination of his services as a member of the Speculator Volunteer Ambulance Corps.

31. The membership of the Speculator Ambulance Corps. cited the false statements and charges of Defendants Tracy and Loomis as the basis for the termination of Plaintiff's services.

32. Plaintiff has been discriminated against on the basis of his age and disability and/or perceived disability. Upon information and belief, Defendants Tracy, O'Brien, and Loomis are in their late 30s or early 40s and perceive Plaintiff as "too old" or infirm to perform his duties as a member of the Speculator Ambulance Corps. Upon information and belief, based on the facts above, the charges were the product of age-related bias and concerted action of Defendants Tracy, Loomis, and O'Brien.

33. Defendant County of Hamilton created, maintained and/or fostered a custom, policy or practice of unlawful arrests and prosecution and age-biased actions thereby causing Plaintiff injury and harm. Said municipal Defendant also failed to adequately train officers and supervisors on the rights of citizens to be free from discrimination, false arrest, and malicious

prosecution. Additionally, Defendant Abrams is a policymaking official of Defendant County of Hamilton who ordered or ratified the actions of the other Defendants herein.

34. The injuries for which the Plaintiff is seeking compensation herein are for arrest and illegal detention; malicious prosecution; damage to Plaintiff's reputation, both personal and professional; and Constitutional, civil, statutory and common law violations that caused the Plaintiff harm. Said wrongs, acts, and violations have caused Plaintiff harm, injury, and damage as follows:

      A.      Plaintiff has been deprived of his liberty;

      B.      Plaintiff has suffered physical harm in the form of tension, headaches, stomach aches, sleeplessness, nervousness, anxiousness, fear, and dread;

      C.      Plaintiff has been forced to suffer severe emotional distress, mental anxiety, depression, and psychological trauma;

      D.      Plaintiff has been damaged in his professional good name, reputation and standing in his community;

      E.      Plaintiff has been subjected to humiliation, embarrassment, indignity and shame;

      F.      Plaintiff has been caused to incur legal fees and expenses and will incur additional legal fees in the future, to protect Plaintiff's rights and interests from the wrongful and unlawful actions of Defendants herein;

      G.      Plaintiff has otherwise suffered deprivation of human, civil and Constitutional rights in violation of the United States Constitution and the laws of the United States and State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT TRACY FOR DEFAMATION

35.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 34.

36.     On or about July 19, 2021, at the Hamilton County Sheriff's Office, Defendant Tracy knowingly or recklessly made false statements to Defendant O'Brien regarding Plaintiff, falsely accusing Plaintiff of speeding and reckless driving on July 17, 2021.

37.     As a direct and proximate result of Defendant's false statements, Plaintiff has been harmed in his reputation, suffered financial harm, and otherwise harmed and is entitled to compensation therefor.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS TRACY, O'BRIEN, AND LOOMIS FOR TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

38.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 37.

39.     By their aforementioned actions, Defendants Tracy, O'Brien, and Loomis intentionally interfered with a business relationship Plaintiff had with the Speculator Ambulance Corps.

40.     As a direct result of Defendants' conduct, Plaintiff has and continues to sustain injury and damages, and is entitled to compensation therefor.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS COUNTY OF HAMILTON, TRACY, O'BRIEN, LOOMIS, AND DOE(S) FOR VIOLATION OF PLAINTIFF'S EQUAL PROTECTION RIGHTS UNDER 42 U.S.C. § 1983

41.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 40 above.

42. By engaging in the foregoing conduct, Defendants County of Hamilton, Tracy, Loomis, O'Brien, and John Doe(s) and Jane Doe(s), have individually and collectively violated rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that Plaintiff was discriminated against because of his age and disability and/or perceived disability.  At all times relevant hereto, Defendants acted with ill will toward Plaintiff because of his age and disability and/or perceived disability.

43. As a direct result of Defendants' conduct, Plaintiff has and continues to sustain injury and damages, and is entitled to compensation therefor.

## AS AND FOR A FOURTH CAUSE OF ACTION
## UNDER NEW YORK CIVIL RIGHTS LAW § 79-n AGAINST DEFENDANTS TRACY, O'BRIEN, AND LOOMIS

44. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 43 above.

45. Defendant Tracy, O'Brien, and Loomis intentionally harmed Plaintiff and caused him injury and harm as set forth in the preceding paragraphs in whole or in substantial part because of a belief or perception regarding Plaintiff's age and disability and/or perceived disability.

46. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and harm and is entitled to compensation and punitive damages as well as declaratory and injunctive relief.

**WHEREFORE**, Plaintiff seeks judgment against Defendants as follows:

a. injunctive relief requiring the reinstatement of Plaintiff and enjoining Defendants from further discrimination against Plaintiff;

b. compensatory damages in an amount to be determined at trial (said amount exceeding the jurisdiction of all lower courts);

c. punitive damages in an amount to be determined at trial (said amount exceeding the jurisdiction of all lower courts);

d. attorneys' fees, costs and disbursements of this action;

e. declaratory relief finding Defendants violated Plaintiff's rights; and

f. such other and further relief the Court deems just and proper.


**PLAINTIFF DEMANDS A TRIAL BY JURY**


Dated: December 5, 2022
at Blossvale, New York

        /s    A.J. Bosman
A.J. Bosman, Esq.
Robert Strum, Esq.
Bosman Law, L.L.C.
*Attorneys for Plaintiff*
Office and Post Office Address
3000 McConnellsville Road
Blossvale, New York 13308
Telephone: (315) 820-4417